### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
#### Southern Division

|  |  |  |
|---|---|---|
| | * | |
| **MICHELLE PAPANICOLAS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | **Civil Action No.: CBD-12-1579** |
| **PROJECT EXECUTION AND** | * | |
| **CONTROL CONSULTING, LLC, et** | * | |
| **al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |

**\*\*\*\*\*\***

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Attorneys' Fees and Costs as Sanctions
Related to Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) ("Motion for
Attorneys' Fees) or in the alternative Motion to Compel and Sanctions pursuant to Fed. R. Civ.
P. 37(a) ("Motion to Compel"). (ECF No. 95).  The Court has reviewed the Motions, related
memoranda, and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D.
Md.).  For the reasons presented below, the Court GRANTS the Motion for Attorneys' Fees in
the amounts described below and finds the Motion to Compel MOOT.

### I.    Background

On May 28, 2012, Michelle Papanicolas (Sipe) ("Plaintiff") filed the Complaint against
Project Execution and Control Consulting, L.L.C. (d/b/a PEAC Consulting, L.L.C.) ("PEAC")
and Barington Cromuel (collectively "Defendants") for sexual harassment.  On October 15,
2013, Plaintiff propounded interrogatories and requests for production of documents to
Defendants, but received no reply.  Plaintiff's counsel subsequently made good faith attempts to
resolve the discovery dispute between September and December, 2013, but received no reply to

telephone calls, emails, and letters.  On January 6, 2014, Plaintiff brought a motion for sanctions or in the alternative to compel discovery.  ECF No. 72.  On March 24, 2014, before the hearing on this motion, the Court entered a default judgment against Defendant PEAC.  ECF No. 78.  On June 10, 2014, at the hearing on the motion for sanctions or to compel discovery, defendant Barington Cromuel explained that he did not reply to the discovery requests or otherwise communicate with Plaintiff because he did not understand the discovery requests.  At the hearing this Court granted Plaintiff's motion to compel and motion for reasonable attorneys' fees as sanctions and ordered Plaintiff to file a new motion for a specific amount of attorneys' fees by June 24, 2014.  ECF No. 91.  Plaintiff filed this Motion for Attorneys' Fees on June 23, 2014, and claims she is owed $8,290.00 in attorneys' fees and $52.76 in costs jointly and severally by Defendants.

## II.    Discussion

Under the Federal Rules of Civil Procedure:

> [i]f [a party's] motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  This Court granted Plaintiff's motion to compel discovery on June 10, 2014 (ECF No. 91).  The Court will thus review whether any of the three exceptions listed above apply to either defendant PEAC or Barington Cromuel.

### a.  Claims Against PEAC

PEAC has not replied to any discovery requests or related motions.  As a result, this Court entered a default judgment against PEAC on March 24, 2014.  ECF No. 78.  Turning to the

three exceptions set forth in Rule 37(a)(5), first, the Court finds that Plaintiff filed her motion after attempting in good faith to obtain discovery.  After Plaintiff propounded discovery requests at PEAC's listed address and received no reply, Plaintiff attempted to contact PEAC via a good faith letter to obtain the discovery.  ECF No. 72, Ex. G.  The Court does not find that PEAC's failure to provide discovery was "substantially justified."  PEAC has offered no justification for its non-responsiveness to the discovery requests or to Plaintiff's attempts to resolve the discovery dispute.  Finally, the Court does not find any other circumstances that make an award of expenses unjust.  Plaintiff propounded reasonable interrogatories, asking such factual questions as whether Mr. Cromuel is the Chief Executive Officer of PEAC and whether Plaintiff was given a bonus in 2009.  ECF No. 72, Ex. A-B.  Plaintiff also made reasonable discovery requests, including asking for PEAC's bylaws.  ECF No. 72, Ex. C.  Despite the reasonableness of these discovery requests, PEAC did not reply.  This forced Plaintiff to spend time attempting to resolve this discovery dispute and filing the motion to compel.  An award of reasonable attorneys' fees and costs is thus justified against PEAC.

### b.  *Claims Against Barington Cromuel*

*1.  Plaintiff made a good faith attempt to obtain discovery before filing the motion.*

Before filing the motion, Plaintiff sent a number of letters to Mr. Cromuel attempting to encourage him to engage in the discovery process.  On November 21, 2013, Plaintiff sent Mr. Cromuel a letter via U.S. Certified Mail informing Mr. Cromuel that he had exceeded his thirty day window to reply to Plaintiff's discovery requests, providing Mr. Cromuel with contact information he could use to reach Plaintiff's counsel, and inviting him to call with any questions.  ECF No. 72, Ex. H.  In addition, on or around December 9, 2013, Plaintiff's counsel contacted Mr. Cromuel's former attorney asking for a telephone number at which to reach Mr. Cromuel,

but was unable to find one.  These steps represent a good faith attempt to resolve the discovery

dispute before Plaintiff brought her motion on January 6, 2014.

     *2.  Mr. Cromuel's non-responsiveness was not "substantially justified."*

Mr. Cromuel explained his lack of response to the discovery requests and attempts to

resolve the discovery dispute first by alleging he did not receive them.  However, he admitted at

the June 10, 2014, hearing that he did receive these requests, and "did not respond" because he

was "not familiar [enough] with the laws to understand [that he was] obligated to respond."

ECF No. 103.  While this Court is sympathetic to Mr. Cromuel's dilemma, under our Local

Rules, "[i]ndividuals representing themselves are responsible for performing all duties imposed

upon counsel by these Rules and all other applicable federal rules of procedure."  Local Rules

101(1)(a).  Finally, even if Mr. Cromuel was confused by the discovery requests, he could have

sought clarification.  His lack of response was therefore not "substantially justified."

     *3.  Other circumstances do not make an award of expenses unjust.*

Mr. Cromuel's lack of legal representation does not legitimate the long gap in his

communication.  It is that gap in communication that forced Plaintiff's attorneys to expend time

and money trying to move the discovery process along.  An award of reasonable attorneys' fees

and costs is thus justified against Mr. Cromuel.

     ***c.  Determining Reasonable Fees***

Plaintiff claims $8,290.00 in attorneys' fees.  The Supreme Court has established a

method, commonly called the "lodestar," for determining a reasonable fee.  The starting point in

the lodestar calculation is "the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see Robinson v.

Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).  The Court has endorsed a list of

twelve factors, first articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which aid a court in determining a reasonable fee.  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 717–19.  The Fourth Circuit has directed courts to consider these twelve factors when calculating the lodestar amount.  *Robinson*, 560 F.3d at 243–44.  This Court has noted that in ruling on an "award for a discovery dispute," "the most relevant Johnson factors" may be "the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys."  *Davis v. Rouse*, WDQ-08-CV-3106, 2012 WL 3059569 (D. Md. 2012) (numbering omitted).  These factors are considered below.

*1.   Time and labor expended, and the reputation of the attorneys*

The Fourth Circuit has held that a party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which she seeks an award."  *Robinson*, 560 F.3d at 244 (citing *Plyer v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (citation omitted)).  However, failing to provide affidavits from independent counsel is not fatal, for the Court may rely on its own knowledge of the market in determining reasonable fees for that community.  While Plaintiff has not provided information regarding the local market rates, the 2011 Local Rules provide guidelines for determining the applicable hourly rates in Maryland during the period of this work:

    a. Lawyers admitted to the bar for less than five (5) years: $150–190.
    b. Lawyers admitted to the bar for five (5) to eight (8) years: $165–250.
    c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225–300.
    d. Lawyers admitted to the bar for fifteen (15) years or more: $275–400.
    e. Paralegals and law clerks: $95–115.

Local Rules App. B, 3 (D. Md.) (July 1, 2011). These billable rates reflect the presumption that a more experienced attorney is deserving of greater hourly compensation because they are expected to perform more efficiently. *See Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 491 (D. Md. 2005).

    Brian J. Markowitz, one of Plaintiff's counsellors and a partner at the law firm of Joseph, Greenwald & Laake, P.A., filed a declaration to support his contention that Plaintiff has incurred $8,290.00 in attorneys' fees related solely to the motion to compel discovery. ECF No. 95, Ex. 1. According to this affidavit, Mr. Markowitz billed 1.4 hours at $300 per hour, Ms. Schramm-Strosser, another attorney, billed 27 hours at $190 per hour, and a paralegal billed 0.2 hours at $115 per hour. The affidavit states that Mr. Markowitz has been an attorney for well over a decade. Given his many years on the bar and expertise, his rate of $300 per hour is reasonable under the Local Rules. Ms. Schramm-Strosser graduated in 2012 and has been practicing for less than five years. The Court finds that her rate of $190 per hour is also reasonable under the Local Rules. Finally, the paralegal's rate of $115 per hour is within the range suggested by the Local Rules and is also reasonable.

    Plaintiff's counsel provided a detailed itemization of legal fees and costs. ECF 95, Ex. 2. According to this itemization, Plaintiff's counsel spent 28.6 hours on matters related to the motion to compel. These matters included preparing correspondence to resolve the discovery dispute with Defendants, drafting the initial motion to compel, preparing for and attending two

hearings regarding the motion, and drafting the instant motion for attorneys' fees.  The hours that were claimed represent a reasonable amount of time for these matters.

> 2.  *The novelty and difficulty of the questions raised and legal skill required*

Plaintiff's counsel did not work on particularly novel or complex legal issues.  However, they did make a good faith effort to communicate with Defendants, who were wholly unresponsive to discovery requests and good faith communications and, whether or not they received notice, missed an initial hearing on the motion to compel discovery.  Defendants' non-responsiveness necessitated that Plaintiff's counsel spend a substantial amount of time drafting the various motions, and preparing for and attending both hearings.  The attorneys' fees claimed appear reasonable, and Plaintiff is entitled to recover the full $8,290.00 claimed in fees.

> 3.  *Costs*

Plaintiff has claimed $52.76 in costs, comprised of $35 for photocopying filings, $12.22 for postage for good-faith communications with Defendant, and $5.54 for Lexis Nexis research costs.  While the photocopying and mailing costs appear reasonable, the Lexis Nexis research costs seem to be the sort of costs that would more typically be built into overhead, rather than reimbursed by each matter.  Accordingly, the Court shall award only $47.22 in costs.

> **d.  Motion to Compel**

In addition to its Motion for Attorneys' Fees, Plaintiff filed an alternation Motion to Compel.  This motion was previously granted via paperless order on June 10, 2014 (ECF No. 91) and is thus MOOT.

**III.**    **Conclusion**

For the foregoing reasons, the Court GRANTS the Motion for Attorneys' Fees and finds

the Motion to Compel MOOT.  The Court awards Plaintiff fees and costs against both

Defendants jointly and severally in the amount of $8,337.22.


October 10, 2014                                        _____/s/_____
                                                       Charles B. Day
                                                       United States Magistrate Judge

CBD/sdh