IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| | * | |
| **MICHELLE PAPANICOLAS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: CBD-12-1579** |
| | * | |
| **PROJECT EXECUTION AND** | * | |
| **CONTROL CONSULTING, LLC, et** | * | |
| **al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |

\*\*\*\*\*\*

<u>**MEMORANDUM OPINION**</u>

Before this Court is Plaintiff's Motion to Quash (ECF No. 134) (the "Motion") and the opposition thereto. The Court has reviewed the Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **DENIES** the Motion.

## I.    Factual Background

On May 28, 2012, Michelle Papanicolas (Sipe) ("Plaintiff") filed a complaint against Project Execution and Control Consulting, L.L.C. (d/b/a PEAC Consulting, L.L.C.) ("PEAC") and Barington Cromuel ("Defendant") for sexual harassment. ECF No. 4. Plaintiff alleges that Defendant sexually harassed her and terminated her employment as retaliation for reporting harassing behavior. Defendant claims that Plaintiff was terminated for falsifying employment information. On November 15, 2014, Defendant filed Defendant's Request to Subpoena Plaintiff's Previous and Current Employment Applications Documents as Evidence for

Defendant's Defense and Proof of Defendant's Arguments (ECF No. 116) (the "Request to Subpoena").  On November 6, 2014, this Court granted in part and denied in part the Request to Subpoena, noting specifically that Defendant could subpoena Plaintiff's current and former employers for Plaintiff's resumes employment applications, and documents identifying Plaintiff's previous employment but could not request other documents or materials such as background checks or human resources documents.

Plaintiff alleges in the Motion that on January 22, 2015, she was informed by a third party that Defendant had issued a subpoena requesting "any and all documents" "identifying the previous employment" of Plaintiff.  She argues that the subpoena requested irrelevant information and that Defendant did not provide her with a copy of the subpoena before issuing the subpoena.  Defendant argues that the subpoena requests information that this Court has deemed discoverable.  He also alleges that he provided prior notice of the subpoenas to Plaintiff in a January 12, 2015, email.  ECF No. 137-1.

## II.     Discussion

Under the Federal Rules of Civil Procedure, where a party seeks to subpoena "documents, electronically stored information, or tangible things" from third parties, then "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4).  In addition, as relevant here, a district court must quash a subpoena if it "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A). This Court has previously explained that "[t]he burden of proving that a subpoena is oppressive is on the party moving to quash."  *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012) (citations omitted).

### a. *Plaintiff has standing to challenge the subpoenas.*

As a threshold matter, this Court must determine whether Plaintiff has demonstrated she has standing to challenge Defendant's subpoenas to third parties.  The Fourth Circuit has held that while "[o]rdinarily, a party does not have standing to challenge a subpoena issued to a nonparty" it may do so if it "claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005).  The Fourth Circuit has also held that a party seeking to quash subpoenas requesting their employment records "has standing to challenge the *subpoenas duces tecum* addressed to his former employers and seeking his previous employment records." *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 240 (4th Cir. 2012).  As in *Singletary*, Plaintiff here seeks to quash subpoenas requesting, *inter alia*, former employment records, and thus has standing to bring the Motion.

### b. *The subpoenas request discoverable information.*

Plantiff argues that the subpoena should be quashed because the subpoena requests information that is not discoverable.  The Fourth Circuit has explained that "the scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under . . . the relevancy standards set forth in Rule 26(b)" which "limits the scope of discovery to those materials that are 'relevant to any party's claim or defense' meaning they are 'reasonably calculated to lead to the discovery of admissible evidence.'" *Singletary*, 289 F.R.D. at 241 (citing Fed. R. Civ. P. 26(b)(1)).  Here, Plaintiff claims that she was fired as retaliation for reporting sexual harassment.  Defendant argues that he fired Plaintiff for falsifying employment information.  The information Plaintiff provided to other employers could support the notion that she was less than truthful in providing her employment information.  For that reason, this Court

holds now, as it previously held at the motions hearing on November 6, 2014, that the

information sought via Defendant's subpoenas is discoverable.

### c. *Plaintiff's argument that the subpoenas will lead to the admission of character evidence is misplaced.*

Under Federal Rules of Civil Procedure, a party may discover anything that is "relevant

to any party's claim or defense," and evidence is relevant if it is "reasonably calculated to lead to

the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Information may be reasonably

calculated to lead to admissible evidence without necessarily being admissible.  Thus, while

Plaintiff is right that generally "[e]vidence of a person's character or character trait is not

admissible to prove that on a particular occasion the person acted in accordance with the

character or trait," such evidence may be discoverable if it is reasonably calculated to lead to

admissible evidence.  Fed. R. Evid. 404(a)(1); Fed. R. Civ. P. 26(b)(1).[1]

### d. *Plaintiff has failed to prove that the subpoenas are unduly burdensome.*

Plaintiff next argues that the subpoena should be quashed because it is overbroad and

thus unduly burdensome on Plaintiff and her current and former employers.  This Court has

previously held that a "party claiming that a discovery request is unduly burdensome must allege

*specific facts* that indicate the nature and extent of the burden, usually by affidavits or other

reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000)

(emphasis added).  Where "assertions of harassment, burden, prejudice, and expense" are

"generalized" or "non-specific," they are "insufficient to prevent . . . discovery." *Id.*  This Court

has also previously explained that to assess "[w]hether a subpoena subjects a witness to undue

burden within the meaning of Rule 45(c)(3)(A)(iv)" a court must review the "reasonableness of

the subpoena," which requires "weighing a subpoena's benefits and burdens and considering

---

[1] Similarly, at this stage, the Court cannot summarily determine whether the required information also has evidentiary value for the purposes of impeachment or other attacks upon Defendant's credibility.

whether the information is necessary and whether it is available from any other source."
*Maxtena*, 289 F.R.D. at 439 (citations omitted) (*see also Singletary*, 289 F.R.D. at 241 (holding

that when reviewing subpoenas, "the Court must limit the frequency or extent of discovery if the

burden or expense of the proposed discovery outweighs its likely benefit, considering the needs

of the case, the amount in controversy, the parties' resources, the importance of the issues at

stake in the action, and the importance of the discovery in resolving the issues") (citations

omitted)).

Here, the Motion is not accompanied by affidavits or other reliable evidence

demonstrating specific facts that render the subpoenas unduly burdensome.  Moreover, the

information Defendant requests via the subpoenas is central to his defense that Plaintiff was

terminated for falsifying employment documents.  It is also unavailable from other sources.  As

to the burden experienced by current and former employers, the subpoenas merely require that

they locate and send any documents regarding Plaintiff's former employment.  The burden

experienced by Plaintiff is similarly minimal.  Her current and former employers are already in

possession and aware of these documents—asking them to provide them should not, in and of

itself, result in embarrassment or burden.

As to the claim that the subpoenas are overbroad, this Court previously ruled that

Defendant may subpoena former employment records but may not subpoena, for example,

background checks or human relations documents.  This balance provides Defendant with an

appropriate opportunity to discover information relevant to his defense without overburdening or

harassing Plaintiff or her current and former employers.  The subpoenas are therefore not unduly

burdensome.

***e. Any failure to provide notice did not affect Plaintiff's substantial rights.***

Finally, Plaintiff argues that this Court must quash the subpoena because Defendant failed to provide Plaintiff notice of the subpoena before serving them.  Under the Federal Rules of Civil Procedure, before a party serves a *subpoena duces tecum*, it must serve "a notice and a copy of the subpoena . . . on each party."  Fed. R. Civ. P. 45(a)(4).  Defendant has provided evidence that such notice was provided to Plaintiff via an email a week before the subpoenas were served.  Moreover, Plaintiff was on notice that Defendant sought to issue these subpoenas long before they were served as the subpoenas were the subject of the November 6, 2014, motions hearing in which this Court held that Defendant could subpoena Plaintiff's former employers for Plaintiff's resumes and employment applications, and documents identifying her previous employment.

Even if Defendant did not provide notice, and even if the motions hearing did not provide sufficient notice, the Fifth Circuit has explained that district courts have discretion in determining how to address subpoenas that were not provided to opposing counsel before they were served on non-parties.  Specifically, that court held that "[w]hile prior notice to the opposing party is required for a *subpoena ducas tecum*, a court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."  *Duke v. Performance Food Group, Inc.*, No. 14-60138, 2014 WL 6766708, *2 (5th Cir. Dec. 2, 2014).  Especially given that the subpoenas were not burdensome, Plaintiff's substantial rights were not affected by Defendant serving the subpoenas.

**III.     Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion to Quash.


March 17, 2015                                                    _____/s/_____
                                                                 Charles B. Day
                                                                 United States Magistrate Judge


CBD/sdh