IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **MICHELLE PAPANICOLAS,** | * |
| Plaintiff, | * |
| v. | * Civil Action No.: CBD-12-1579 |
| **PROJECT EXECUTION AND CONTROL CONSULTING, LLC., et al.,** | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Before this Court is Defendant's Request to Subpoena Plaintiff's Previous and Current Employment Application Documents as Evidence for Defendant's Defense and Proof of Defendant's Arguments (ECF No. 133) ("Defendant's Motion") and the opposition thereto. The Court has reviewed Defendant's Motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** Defendant's Motion.

I. **Factual Background**

On May 28, 2012, Michelle Papanicolas (Sipe) ("Plaintiff") filed a complaint against Barington Cromuel ("Defendant") for sexual harassment. ECF No. 4. Plaintiff alleges that Defendant sexually harassed her and terminated her employment as retaliation for reporting harassing behavior. Defendant claims that Plaintiff was terminated for falsifying employment information. On October 15, 2014, Defendant filed his identically titled Defendant's Request to

Subpoena Plaintiff's Previous and Current Employment Applications Documents as Evidence for Defendant's Defense and Proof of Defendant's Arguments (ECF No. 116) (the "Request to Subpoena").

On November 6, 2014, this Court granted in part and denied in part the Request to Subpoena, noting specifically that Defendant could subpoena Plaintiff's current and former employers for Plaintiff's resumes, employment applications, and documents identifying Plaintiff's previous employment; but could not request other documents or materials such as background checks or human resources documents.  This Court also instructed Defendant to edit his draft subpoenas and resubmit them for Court review.  Defendant's Motion seeks to subpoena Plaintiff's current and former employers to:

> 1. Produce any and all resumes, including electronically stored files, submitted by Michelle Lynn Papanicolas-Sipe (Michelle Lynn Papanicolas) now Michelle Lynn Sipe.
>
> 2. Produce any and all employment applications, including electronically stored files, of Michelle Lynn Papanicolas-Sipe (Michelle Lynn Papanicolas) now Michelle Lynn Sipe.
>
> 3. Produce any and all documents, including electronically stored files, identifying the previous employment of Michelle Lynn Papanicolas-Sipe (Michelle Lynn Papanicolas) now Michelle Lynn Sipe.

Before receiving permission from the Court to do so, Plaintiff issued at least one subpoena to W.L. Gary Co, Inc., a former employer of Plaintiff, requesting it to produce the same information.  Notice of Subpoena Duces Tecum to W.L. Gary Co. Inc. 6, ECF No. 134-1.

After receiving notice that Defendant had issued at least one subpoena, Plaintiff filed a motion to quash the subpoena, and any similar subpoenas, on January 22, 2015.  Plaintiff's Motion to Quash, ECF No. 134 (the "Motion to Quash").  She argued that the subpoenas requested irrelevant information and that Defendant did not provide her with a copy of the subpoena before issuing the subpoena.  This Court denied the Motion to Quash, holding that the

subpoenas, as worded, requested discoverable information, were not unduly burdensome, and that any failure to provide Plaintiff with notice of these subpoenas did not affect Plaintiff's substantial rights. *See* Mem. Op., ECF No. 142. The proposed subpoenas included in Defendant's Motion are worded identically to the subpoena this Court reviewed, and deemed proper, in denying the Motion to Quash. *See id.* at 2.

## II.  Discussion and Conclusion

Defendant failed to submit revised draft subpoenas for Court review before issuing subpoenas to Plaintiff's current and former employers. However, because the subpoenas Defendant issued are proper and are identical to the subpoenas in the present motion, the Court **GRANTS** Defendant's Motion. Because Defendant issued subpoenas prematurely and without Court approval, Defendant is also ordered to file an affidavit with the Court within fourteen (14) days identifying all persons and/or entities to whom he has issued subpoenas and providing copies of each subpoena.

April 27, 2015 /s/
Charles B. Day
United States Magistrate Judge

CBD/sdh