IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| MICHELLE PAPANICOLAS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: CBD-12-1579 |
| PROJECT EXECUTION AND CONTROL CONSULTING, LLC, et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 144) ("Plaintiff's Motion"). The Court has reviewed Plaintiff's Motion, and the opposition and reply thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **GRANTS** Plaintiff's Motion.

**I.     Factual Background**

On January 25, 2013, Michelle Papanicolas (Sipe) ("Plaintiff") filed an Amended Complaint against Project Execution and Control Consulting, L.L.C. (d/b/a PEAC Consulting, L.L.C.) ("PEAC") and Barrington Cromuel ("Defendant") for sexual harassment. ECF No. 32. In her Amended Complaint, Plaintiff alleges that Defendant sexually harassed her and terminated her employment as retaliation for reporting harassing behavior in violation of Maryland and Prince George's County laws. Amended Complaint 14-15; Md. Code Ann, State Gov't § 20-

1202 (West 2009); Prince George's County, Md., Code, Human Relations Comm'n §§ 2-186, 2-222 (2011).

Plaintiff argues that Defendant can be held personally liable as an "employer" as defined by Prince George's County's anti-discrimination laws or, in the alternative, as the alter-ego for PEAC. Pl.'s Mem. 8-14. Plaintiff also contends that Defendant violated Maryland and Prince George's County laws by firing Plaintiff at least in part because she accused him of sexual harassment. Pl.'s Mem. 14. In support, Plaintiff cites to electronic mail she sent to the company's human resource representative in which she alleges Defendant had sexually harassed her, and to electronic mail from Defendant an hour after discovering Plaintiff's allegation wherein Defendant states that he will fire Plaintiff. Plaintiff's Email to Human Resource Services, ECF No. 144-8; Defendant's Email to Human Resource Services, ECF No. 144-9. Plaintiff contends that she is entitled to judgment as a matter of law regarding both matters.

Defendant argues that summary judgment should be denied as he should be afforded an opportunity to defend against Plaintiff's allegations at trial. Def.'s Opp'n 1-2, ECF No. 150.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, the Court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a). The Fourth Circuit has explained that a genuine dispute exists where "there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party." *Cox v. Cnty. of Prince William*, 249 F. 3d 295, 299 (4th Cir. 2001) (citation omitted). The Supreme Court has explained "[a]s to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.     Analysis**

    **a. Defendant Was Plaintiff's Employer as Defined by Prince George's County's Discrimination Laws.**

In Maryland, "a person that is subjected to a discriminatory act prohibited by the [Prince George's County] code may bring and maintain a civil action against the person that committed the alleged discriminatory act." Md. Code Ann., State Gov't § 20-1202(b) (West 2009).  The Prince George's County Code (the "County Code") makes it illegal for any "employer in the County [to] discharge . . . any person . . . because of discrimination."  Prince George's County, Md., Code § 2-222.  Discrimination under the County Code is defined as "acting . . . regarding any person because of . . . sex" in such a way that "such person is adversely affected in the area[] of . . . employment." Prince George's County, Md., Code § 2-186(a)(3).  An "employer" is defined by the County Code to be "any person engaged in . . . a lawful profession, who for compensation has hired or contracted for the services of one (1) or more employees, for a total of forty (40) or more hours in the current or preceding calendar year" or "an agent of such person." Prince George's County, Md., Code §2-186(a)(5).

Plaintiff contends that Defendant is an "employer" under the County Code because: (1) he is an individual engaged in a lawful profession, namely government contracting; (2) that for compensation he hired Plaintiff to work for more than forty hours in the relevant years; and/or (3) that Defendant was the "agent" of the person/entity that actually did so.  The parties agree that at the time of Plaintiff's hire, she was offered and accepted lawful employment for PEAC, and that PEAC employed Plaintiff for at least forty hours in the relevant years.  Defendant hired

Plaintiff to work for PEAC, and he fired Plaintiff on behalf of PEAC.  This however, is not the end of the analysis.

Defendant offers argument and evidence to suggest that Defendant was either the "agent" of PEAC, or its alter ego.  As stated by Defendant during his deposition, since its inception, he was PEAC's "President, operations manager, secretary, janitor, delivery boy, [and] gofer." Deposition of Barrington Cromuel ("Cromuel Dep.") 65:11-66:3, July 2, 2014.  It was Defendant who was engaged in a "lawful profession" on behalf of PEAC, and who hired employees for compensation.  Cromuel Dep. 94:7-16.  It was Defendant who interviewed Plaintiff for the subject position.  Cromuel Dep. 112:10-17.  At all times, Defendant was Plaintiff's supervisor and wielded the power of termination.  Accordingly, the Court finds that Defendant was an "agent" for the corporate employer PEAC as defined by the County Code and thus can be held individually liable for violations of the County's discrimination laws.

The Court also finds Plaintiff's reliance upon *Payne v U.S. Airways*, 987 A.2d 944 (Vt. 2009) instructive.  *Payne* distinguishes a state statute which prohibits discrimination from the limitations of its federal counterpart in Title VII prosecutions, with the end result being the ability of a plaintiff to pursue an employment discrimination action directly against a supervisor who acted as an agent of the hiring entity.  *Payne* is a case of first impression for the state of Vermont.  Moreover, the Supreme Court of Vermont considered the state statute's applicability to small businesses not covered by Title VII.  The court determined that under state law, individuals could be sued in their individual capacities or as a result of being agents of the hiring entity, and suit could be maintained regardless of the size of the hiring entity.  Title VII expressly does not apply to individuals, nor to entities that do not meet the applicable threshold number of employees.  Read together, the limitations of Title VII are driven by the notion of vicarious

liability.  Whereas, the state statute in Vermont - - in covering all employers regardless of size, as well as being applicable to agents - - is based more on direct, individual liability.  By analogy, the Maryland statute and Prince George's County code operate in a fashion nearly identical to the situation confronted by the appellate court in Vermont.  In the present case, the County Code does not prohibit the maintenance of suit against a person in his individual capacity, a person can be individually liable as a result of an agency relationship with the hiring entity, and like the situation in Vermont, there is no threshold number of employees required for the statute and code to be applicable.

Plaintiff has failed to demonstrate that Defendant is the alter ego of PEAC.  As Plaintiff's claims are based upon state and local law, this Court is required to apply the law of Maryland for all substantive issues.  Under the familiar *Erie* doctrine, we apply Maryland substantive law and federal procedural law when sitting in diversity.  *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.,* 736 F.3d 255, 261 n. 3 (4th Cir.2013); *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188 (1938).  Accordingly, Plaintiff has relied exclusively on federal law in her attempt to demonstrate that Defendant is the alter ego of PEAC.  As Plaintiff has failed to cite to controlling state law, and in light of the Court's determination above, there is no need to consider whether Defendant can be held individually liable under an alter ego theory.

In summary, the County Code is clear.  There is no material factual dispute as to Defendant's agency.  Defendant was the agent of PEAC and under the law can be held responsible for the alleged discriminatory conduct in the workplace.

    **b. Under Prince George's County's Discrimination Laws Defendant Unlawfully Retaliated Against Plaintiff for Engaging in a Protected Activity.**

In Prince George's County, it is illegal for a person to "retaliate . . . against any person because such person has lawfully opposed any act . . . that is a violation of [the Prince George's

County Code]." Prince George's County, Md., Code §2-209.[1] To establish a retaliation claim, Plaintiff must demonstrate that she: 1) engaged in a statutorily protected expression or activity; 2) suffered an adverse employment action by her employer; and 3) there is a causal link between the protected expression and the adverse action. *Taylor v. Giant of Md.*, 33 A.3d 445, 463 (Md. 2011) (citation omitted). In order to establish a causal link, "an employee must merely adduce evidence that their protected activity was a motivating factor in an employer's decision to subject them to an adverse employment action, not necessarily the controlling factor." *Id.* (citation omitted).

The first two elements of this test are clearly met. Both parties agree that Plaintiff brought a sexual harassment complaint against Defendant and that she was fired. To demonstrate that there was a causal link between Plaintiff bringing the sexual harassment complaint and her termination, Plaintiff cites to two emails. The first is the email Plaintiff sent to a human relations officer in which she alleges that Defendant stated the following:

> Sometimes you say things that I observe and I really want to hug you. I think a lot about your situation in the shower. I fantasize about your potential in the shower. When I think of that opportunity, in the shower because that's where I do my thinking, your name keeps resurfacing and popping up in my head. I didn't want to discuss this with you just yet but I am eager to know your availability and interest in other opportunities outside of this project and potential travel and over-night stays.

Plaintiff's Email to Human Resource Services, ECF No. 144-8. Plaintiff also cites to electronic mail sent by Defendant to Ms. Cooper, a human resource services employee, an hour after Plaintiff sent her electronic mail, which reads:

---

[1] It is important to note that while Plaintiff's Amended Complaint repeatedly alleges "retaliation" against Plaintiff for bringing a sexual harassment complaint, it does not cite to Prince George's County, Md., Code §2-209, but instead cites to Prince George's County, Md., Code §2-222. Pl.'s Am. Compl. 13, 15. This appears to be the result of a typographical error. This Court will construe Plaintiff's Amended Complaint as bringing a claim under Prince George's County, Md., Code §2-209.

> I saw Michelle's long confidential email to you today.  I have nothing to say other than I'm going to fire her.  She's not aware that I saw it and I'm still trying to figure out what I'll say to her.  I don't want to reference the email or her perspective of our interactions.  I don't need the drama or headaches.  I think this week is her last week.

Defendant's Email to Human Resource Services, ECF No. 144-9.  Reviewing these emails together, there can be no dispute of material fact.  Defendant's note was motivated in part by his reaction to Plaintiff's allegations of sexual harassment.  *Taylor*, 33 A.3d at 463.  Shortly thereafter, Plaintiff was fired.

While Defendant, in opposition, argues that a variety of other concerns motivated his decision to fire Plaintiff, he does not contest Plaintiff's assertion that the firing was at least partially motivated by Plaintiff's allegations of sexual harassment.

## IV.     Conclusion

Plaintiff has established as a matter of law, that Defendant can be held personally liable as Plaintiff's employer for the conduct set forth in the Amended Complaint.  Plaintiff has also established that she is entitled to judgment as a matter of law that Defendant violated Prince George's County, Md., Code §2-209.

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion.

September 25, 2015                                                       /s/
                                                              Charles B. Day
                                                              United States Magistrate Judge