IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MICHELLE PAPANICOLAS SIPE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: CBD-12-1579** |
| | * | |
| | * | |
| **PROJECT EXECUTION AND** | * | |
| **CONTROL CONSULTING, LLC** | * | |
| **D/B/A PEAC CONSULTING, LLC, et** | * | |
| **al.,** | * | |
| | * | |
| **Defendants.** | ***** | |

<u>**MEMORANDUM OPINION**</u>

Before this Court is Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for

Attorneys' Fees and Costs (ECF No. 228) (the "Motion").  The Court has reviewed the Motion,

related memoranda, and applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6

(D. Md.).  For the reasons presented below, the Court **GRANTS in part and DENIES in part**

the Motion.

### I.     Factual Background

Plaintiff Michelle Papanicolas Sipe ("Plaintiff") filed a complaint (ECF No. 4) and an

amended complaint (ECF No. 32) in this case against Defendants Barrington Cromuel and his

company Project Execution and Control Consulting, LLC ("PEAC"), alleging unlawful sexual

harassment and retaliatory discharge.  Amended Compl. 14-15.  Plaintiff originally filed her

complaint in the Circuit Court for Prince George's County, and Defendant Cromuel removed the

case to this Court.  *Id*. at 14.

Defendant Cromuel is the president and founder of PEAC.  *Id*. at 2.  In 2009, Plaintiff was hired by Defendant Cromuel to work at PEAC.  *Id*. at 2.  Plaintiff alleges that during the course of her employment, she was repeatedly sexually harassed by Defendant Cromuel.  *Id*.  In April 2010, after Plaintiff reported Defendant Cromuel's alleged sexual harassment to a human resources representative, Defendants terminated Plaintiff from her job.  *Id*. at 3.

On November 2, 2015, on the eve of trial before this Court, the parties entered into a dismissal of all claims, except for the right of any party to file a petition for attorney's fees and costs.  *See* ECF Nos. 221, 223.  The parties also agreed that "for purposes of this fee petition, Plaintiff has met the requirements for fee shifting and costs under the applicable laws."  Pl.'s Mot. 4.

## II.     In the Motion, Plaintiff claims that under the *Friolo* factors, she is entitled to $351,731.50 in attorney's fees and $6,734.53 in costs.

Plaintiff is seeking attorney's fees and costs as the prevailing party and is relying on the Maryland Code, State Gov't §20-1202(d), and the Prince George's County Code.  Pl.'s Mot. 30. Plaintiff first argues that she is entitled to all the fees and costs incurred, that no "special circumstances" caution against an award of fees and costs, and that Defendants' "unabated, uncooperative, obstructionist, and exceedingly imprudent litigious behavior" justify a complete award.  *Id*. at 31.  Second, Plaintiff argues that the Court should not apply the hourly rates found in Appendix B of the Court's Local Rules which are lower than what Plaintiff's counsel charged in this case.  *Id*. at 32.  In support thereof, Plaintiff cites a case from Montgomery County Circuit Court, *Balderrama v. Lockheed Martin, Inc.*, 2015 WL 3874239 (Md. Cir. Ct. June 12, 2015), and argues that the Court is not bound by Appendix B since it has jurisdiction based on diversity of citizenship.  *Id*. at 32-33.  Third, Plaintiff contends that the Court should apply the lodestar method and *Friolo* factors to assess the reasonableness of the fees and costs requested.  *Id*. at 33.

2

**III.    Defendants claim that Plaintiff's motion for fees and costs should be denied or reduced to a figure that is fair and reasonable.**

Defendants argue that the Motion should be denied for excessive billing practices.  Def.'s Opp. 2.  Specifically, Defendants point out that as of August 31, 2015, Plaintiff's total fees and costs, since the case was initiated in 2010, amounted to $178,562.42, and when the Motion was filed in November 2015, two and a half months later, Plaintiff's total bill (including legal fees and costs) was $358,466.03.  *Id*.  Defendants argue that Plaintiff's counsel billed for frivolous pleadings such as the motion for default and sanctions, filed on June 30, 2014, and that there are several instances of block billing where it is impossible to know what was done hour-by-hour.  *Id*. at 5.  Additionally, Defendants contend that the Motion should be denied because Plaintiff's counsel engaged in conduct resulting in excessive filings without consideration for economy.  *Id*. at 5-10.  Finally, Defendants claim that the Motion should be denied because Defendants have been under financial duress for the past three years.  *Id*. at 10-11.

**IV.    Plaintiff replies that Defendants' opposition is meritless and that as of December 30, 2015, her counsel has incurred an additional $6,385.72 in attorney's fees and $897.40 in costs.**

In response to Defendants' arguments, Plaintiff first replies that the Court should disregard Defendants' statements because they represent a "willful and wanton breach" of the parties' agreement.  Pl.'s Reply 2.  Plaintiff explains that Defendants breached the agreement by disclosing the amount of the confidential settlement.  *Id*. at 3.  Second, Plaintiff contends that Defendants failed to rebut any of Plaintiff's substantive factual and legal arguments.  *Id*. Plaintiff claims that Defendants simply offered "bald, conclusory assertions" such as "[Plaintiff] engaged in 'excessive billing practices . . . and excessive filings.'"  *Id*.  Plaintiff argues that these conclusory assertions are not supported by expert opinions and therefore the Court should not give them any weight.  *Id*.  Third, Plaintiff replies that her counsel's litigation of this case was

proper and reasonable given Defendants' "uncooperative" and "obstructionist" conduct throughout the course of the proceedings. *Id.* at 4. Plaintiff finally states that as a result of the Reply her counsel had to file in response to Defendants' opposition, she has incurred an additional $6,385.72 in attorney's fees and $897.40 in costs.

### V.      Plaintiff's Line Amending Plaintiff's Motion for Attorneys Fees and Costs

On February 2, 2016, Plaintiff filed a Line Amending Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 245) as a result of the Court's order issued on January 28, 2016. In this filing, Plaintiff states that she is seeking $357,092.00 in attorney's fees and $7,759.75 in costs.

### VI.     Legal Standard

As Plaintiff states and Defendants do not dispute, the substantive law of Maryland applies in this case. *See Culbertson v. Jno. McCall Coal co., Inc.*, 495 F.2d 1403, 1406 (4th Cir. 1974) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court . . . state law denying the right to attorney's fees or giving a right thereto . . . should be followed.") Maryland courts normally adhere to the American rule which provides that a prevailing party in a lawsuit may not ordinarily recover attorney's fees. *See Garcia v. Foulger Pratt Dev., Inc.*, 155 Md. App. 634, 660 (2003). However, this rule does not prevail when there is a statute, rule or contract that expressly allows the prevailing party to recover attorney's fees. *Id.* In this case, the American rule does not apply because Plaintiff is seeking attorney's fees and costs under the Maryland Code, State Gov't §20-1202(d), and Rule 54(d) of the Federal Rules of Civil Procedure. Pl.'s Mot. 1, 30. Maryland Code, State Gov't §20-1202(d) provides that "[i]n a civil action under this section, the court may award the prevailing party reasonable attorney's fees, expert witness fees, and costs." Rule 54(d) of the Federal Rules of

4

Civil Procedure provides that "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

To determine the reasonableness of the attorney's fees requested under a fee-shifting statute, Maryland courts apply the lodestar approach. *Friolo v. Frankel*, 373 Md. 501, 504-05 (2003). This approach multiplies the reasonable number of hours spent by the attorney by a reasonable hourly rate. *Id.* at 519. However, as pointed out in *Friolo*, this is not the end of the inquiry. *Id.* at 505. The Court must also determine whether to make adjustments to the amount of the fee requested. *Id.* To determine the reasonableness of the fees requested and whether any adjustments are warranted, the Court considers the twelve factors[1] first articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases

*See, e.g.*, *Ochse v. Henry*, 216 Md. App. 439, 456 (2014); *Robinson v. Equifax Info. Servs., LLC*, 560 F. 3d 235, 243-44 (4th Cir. 2009). In its analysis, the Court should consider the purpose of statutory fee-shifting provisions common in civil rights litigation: "to encourage attorneys to take on cases that might otherwise be financially undesirable but which serve some greater, legislatively-established, social purpose." *Ochse*, 216 Md. App. at 456. Since the purpose of

---

[1] In this case, the Court will analyze only those factors that are relevant to determine the reasonableness of the fees requested.

statutory-fee shifting statutes is to "reward counsel for undertaking socially beneficial litigation," the Court is not supposed to compare the amount of the fees requested with the expected relief because the lodestar approach "may very well return a fee award that is actually larger than the amount in controversy." *See Monmouth Meadows Homeowners Ass'n., Inc. v. Hamilton*, 416 Md. 325, 334-37 (2010). The party seeking fees, in this case Plaintiff, bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

## VII.   Plaintiff's Entitlement to Attorney's Fees

### a.   The time and labor required

The Court finds that Plaintiff's counsel has submitted an itemized billing statement[2] describing the nature of the work performed, who performed the work, the hourly rate, the amount of time employed, the date on which the entry was recorded, and the amount charged. This factor, however, weighs in favor of reducing the amount of attorney's fees requested because Plaintiff should not be compensated for motions that she lost, and also for fees charged when multiple attorneys attended the same deposition, hearing, and intra-office conferences.

The Court has identified eight (8) motions, filed by Plaintiff, that were not granted in her favor or were denied as moot.[3] After reviewing the entirety of Plaintiff's counsel's billing

---

[2] The itemized billing statement the Court has primarily relied on is the supplemental billing statement Plaintiff submitted at the request of the Court on February 2, 2016. *See* ECF No. 245.

[3] These motions are: (1) Plaintiff's Motion to Quash, filed on January, 29, 2015, ECF No. 134, denied at ECF No. 143; (2) Plaintiff's Motion for Default Judgment Against Defendant Cromuel as Sanctions Pursuant to Fed. R. Civ. P. 37(B) and/or the Court's Inherent Powers, filed on February 6, 2015, ECF No. 136, denied at ECF No. 148; (3) Plaintiff's Renewed Motion for Default Judgment Against Defendant Cromuel as Sanctions Pursuant to Fed. R. Civ. P. 37(B) and/or the Court's Inherent Powers and Request for Hearing, filed on September 15, 2015, ECF No. 171, denied at ECF No. 183; (4) Plaintiff's Motion *In Limine* No. 3 to Exclude Defendant's Responses to Subpoenas *Duces Tecum* as Untimely Produced Discovery, filed on September 15, 2015, ECF No. 172, denied at ECF No. 187; (5) Plaintiff's Motion *In Limine* No. 4 to Preclude Evidence of Plaintiff's or Any Victim-Witnesses' Alleged Other Sexual Behavior or Sexual Predisposition Pursuant to Fed. R. Evid. 412 and 403, filed September 15, 2015, ECF No. 170, found moot at ECF No. 242; (6) Errata to Plaintiff's Memorandum of Points and Authorities ECF No. 167, filed on September 25, 2015, ECF No. 180, found moot at ECF No. 188; (7) Plaintiff's Motion to Shorten Time for Defendants to Respond Prior to the Start of the November 2, 2015 Trial to Plaintiff's Motion *In*

statement, the Court has identified legal fees associated with some of these motions.[4]  The legal fees associated with these motions will be deducted from Plaintiff's fee award.

The Court agrees with Defendants that Plaintiff cannot recover fees for multiple attorneys attending a single deposition, hearing and intra-office conference.  Under Appendix B, Rule 2(b), "[o]nly one lawyer for each separately represented party shall be compensated for attending depositions."  Under Appendix B, Rule 2(c), "[o]nly one lawyer for each party shall be compensated for attending hearings."  Under Appendix B, Rule 2(d), ". . .  only one lawyer is to be compensated for  . . .  intra-office conferences . . .".  Although an explanatory footnote in Appendix B provides that "[d]eparture from this guideline would be appropriate upon a showing of a valid reason for sending two attorneys to the deposition," Plaintiff has made no such showing here.  Consistent with Appendix B, Rule 2(d), the Court will allow compensation only for the most senior lawyer who attended the deposition, hearing, and intra-office conferences.  The Court also finds that Plaintiff's billing statement contains instances of block billing and has reduced the fee award accordingly.

The Court rejects Defendants' contention that as seen in docket entries nos. 166-173, Plaintiff "filed four or five separate motions" that could have been consolidated into one comprehensive motion.[5]  Def.'s Opp. 6.  A review of Plaintiff's counsel's billing statement

---

*Limine* to Exclude Admission into Evidence by Defendants of Certain Exhibits Concerning Plaintiff's Employment at PEAC, filed on October 22, 2015, ECF No. 216, denied at ECF No. 218; and (8) Plaintiff's Motion for Contempt for Defendants' Violation of this Court's September 18, 2015 Order and Request for Additional Discovery of Defendants' Assets, filed on November 16, 2015, ECF No. 226, denied at ECF No. 238.

[4] The Court was able to identify fees associated with the following motions: (1) Plaintiff's Motion to Quash, filed on January, 29, 2015, ECF No. 134, denied at ECF No. 143; (2) Plaintiff's Motion for Default Judgment Against Defendant Cromuel as Sanctions Pursuant to Fed. R. Civ. P. 37(B) and/or the Court's Inherent Powers, filed on February 6, 2015, ECF No. 136, denied at ECF No. 148; (3) Plaintiff's Renewed Motion for Default Judgment Against Defendant Cromuel as Sanctions Pursuant to Fed. R. Civ. P. 37(B) and/or the Court's Inherent Powers and Request for Hearing, filed on September 15, 2015, ECF No. 171, denied at ECF No. 183; and (4) Errata to Plaintiff's Memorandum of Points and Authorities ECF No. 167, filed on September 25, 2015, ECF No. 180, found moot at ECF No. 188.

[5] Docket entries 166 and 167 reflect the same motion: Motion *In Limine* to Exclude Defendant's Gratuitous Comments, Highlights, and Characterizations of Evidence.[5]  Docket entry 168 is Plaintiff's Motion *In Limine* No. 1

shows that counsel employed approximately twelve (12) hours drafting the motions in limine. The Court finds that the amount of time and labor employed to draft and submit these motions were not unreasonable.  Whether counsel could have filed these motions as one comprehensive motion or separately is not sufficient grounds to apply a downward adjustment to the legal fee petition.

The Court disagrees with Defendants that a downward adjustment is warranted because Plaintiff filed the "incorrect motion" after the Court's ruling at docket entry 183.  Def.'s Opp. 7. At docket entry 183, the Court denied Plaintiff's renewed motion for default judgment at docket entry 177, and ruled in part, that:

> In the event that the sanctions have not been paid in full by the conclusion of the trial, the Court will entertain a motion for further discovery regarding Defendant Cromuel's assets. Should the Court determine that he has unreasonably failed to pay the required sums in a more timely manner, the Court will consider additional sanctions, up to and including contempt.

*See* ECF No. 183.  Defendants argue that instead of filing a "simple discovery motion," Plaintiff's counsel "filed a complex document requesting sanctions and contempt."  In fact, Plaintiff filed a "Motion for Contempt for Defendants' Violations of this Court's September 28, 2015 Order and Request for Additional Discovery of Defendants' Assets."  *See* ECF No. 226. The Court finds that Plaintiff's counsel did comply with the Court's order at docket entry 183, and that the motion was not particularly complex as Defendants suggest.  The Court therefore finds that Plaintiff's motion at docket entry 226 does not merit a downward adjustment to the legal fee request.

---

to Exclude Defendant's Narrative Personnel File Entries, and docket entry 169 is the memorandum in support of this motion.  Docket entry 170 is Plaintiff's Motion *In Limine* No. 4 to Preclude Evidence of Plaintiff's or Any Victim-witnesses' Alleged Other Sexual Behavior or Sexual Predisposition Pursuant to Fed. R. Evid. 412 and 403.  Docket entry 171 is Plaintiff's Renewed Motion For Default Judgment Against Defendant Cromuel As Sanctions Pursuant to Fed. R. Civ. P. 37(B) And/Or the Court's Inherent powers.  Docket entry 172 is Plaintiff's Motion *In Limine* No. 3 to Exclude Defendant's Responses to Subpoenas *Duces Tecum* as Untimely Produced Discovery, and docket entry 173 is the supporting memorandum.

Defendants' requests that the fees Plaintiff incurred in opposing the appeal should also be denied.  *See* Def.'s Opp. 9-10.  As explained in the Reply, Plaintiff was required to file a response to Defendants' notice for leave to appeal before this Court denied Defendants' request for leave to appeal.  Pl.'s Reply 2, n.3.  The Court agrees with Plaintiff's position.

### b.   The novelty and difficulty of the questions

The Court finds that the sexual harassment and retaliation claims did not present particularly novel or difficult questions of law.  However, the Court finds that this case presented particular challenges, as pointed out by Plaintiff in the Motion: litigating against a *pro se* litigant, Defendants' election to change attorneys four times, and the filing of numerous motions.  The Court is persuaded that on balance the work invested to resolve Plaintiff's claims was reasonable and necessary.

### c.   The skill requisite to perform the legal service properly

The Court finds that the team of lawyers who represented Plaintiff was skilled, knowledgeable, prepared and diligent throughout the litigation of this case.  The Court is persuaded that this factor supports the partial award of legal fees and costs in favor of Plaintiff.

### d.   The preclusion of other employment by counsel due to acceptance of the case

The Court finds that if Plaintiff's counsel had not pursued this case, counsel could have been employed in other cases.  Plaintiff's counsel has stated and Defendants have not challenged, that they work at a firm that receives a high number of referrals on a weekly basis.  Pl.'s Mot. 38. The Court concludes that this factor supports the partial award of attorney's fees and costs in favor of Plaintiff's counsel.

**e.   The customary fee**

In this case, the lodestar method is not in dispute because this method applies both under federal and state law.  The only dispute, as raised by Plaintiff's counsel, is whether the Court should be guided by Appendix B of the Local Rules for the District of Maryland, to determine the reasonableness of the hourly rates.  The Court will apply the rates found in Appendix B.  The Court finds that the fees Plaintiff's counsel charged in this case are inappropriate because they are higher than the rates found under Appendix B and will adjust the fee award accordingly.

The hourly rates charged by Plaintiff's counsel are as follows: $380.00 for Brian Markovitz (Partner) and Veronica Nannis (Partner); $355.00 for Joseph Creed (Partner); $250.00 for associates (with less than five (5) years of experience); and $130.00 for law clerks and paralegals.  *See* ECF No. 228-25.  Plaintiff argues that in assessing the reasonableness of these rates, the Court should not follow the guidelines in Appendix B.  Pl.'s Mot. 32-33.  More specifically, Plaintiff argues that because this court is sitting in diversity, it is not bound by Appendix B, and must apply Maryland substantive law.  *Id.*  In this regard, Plaintiff points the Court to *Balderrama v. Lockheed Martin, Inc.*, 2015 WL 3874239, at *7-8 (Md. Cir. Ct. June 12, 2015), where the Montgomery County Circuit Court found rates higher than those in Appendix B to be reasonable.  *Id.*  Finally, in support of these rates, Plaintiff attached the affidavits of two practitioners: Nicholas Woodfield and Linda Hitt Thatcher.  *Id.*

The Court finds that *Balderrama v. Lockheed Martin, Inc.*, 2015 WL 3874239, at *7-8 (Md. Cir. Ct. June 12, 2015) is not binding.  Plaintiff has not cited binding or other authority supporting the proposition that because this Court is sitting in diversity, it should not use Appendix B for guidance.  Appendix B sets forth presumptively reasonable ranges for lodestar calculations to aid the Court in awarding fees.  Appendix B expressly applies "to cases in which

a prevailing party would be entitled, by applicable law or contract, to reasonable attorneys' fees .

. .". Local Rules for the District of Maryland, Appendix B, n.1 (March 2015 Supplement).  In

other words, there is no distinction made for attorney's fees petitions under federal or state law.

The Court will apply Appendix B rates because nothing in this case is unusual or unique

warranting a departure from this approach.

In determining that the hourly rates in this case are reasonable, the Court finds that the

declarations of Mr. Woodfield and Ms. Thatcher are helpful but not controlling.  Both state that

the hourly rates charged here are reasonable.

In this case, the Court has applied the rates found in Appendix B for the years 2010-2015.

As previously discussed, the Court did not award fees for hours employed in motions Plaintiff

lost.  The Court did not award fees when it identified instances of block billing.  Finally, when

multiple attorneys billed for the same intra-office conference, hearing and deposition, the Court

only awarded fees to the most senior attorney.  Below is a chart that summarizes the timekeeper,

the rates the Court applied consistent with Appendix B, and the number of hours that are

compensable.[6]

| Timekeeper | Timekeeper's Initials on Billing Statement | Hourly Rate and Compensable Hours | Total Number of Billable Hours | Total Fees |
|---|---|---|---|---|
| Michael Brody (Law Clerk) | MAB | Jan-June 2014: $115 x 0.3 hours<br><br>July-Dec 2014: $150 x 55.65 hours | 55.95 | $8,382.00 |
| Jamera Cherry (Paralegal) | JJC | Jan-June 2014: $115 x 18.3 hours<br><br>July 2014-2015: $150 x 58.7 hours | 77 | $10,909.50 |

---

[6] The Court has attached to this Memorandum Opinion an annotated version of Plaintiff's billing statement that highlights the hours the Court discounted.

| | | | | |
|---|---|---|---|---|
| Mason Cole (Law Clerk) | MSC | 2010-2012: $115 x 44.5 hours | 44.5 | $5,117.50 |
| Joseph Creed (Partner) | JMC | 2012-2013: $250 x 45.8 hours<br><br>Jan-Jun 2014: $300 x 0.6 hours<br><br>July 2014-2015: $350 x 39.6 hours | 86 | $25,490.00 |
| Bethany Flanders | BLF | July-Dec 2014: $225 x 0.6 hours | 0.6 | $135 |
| William Fuller | WJF | 2015: $150 x 3.8 hours | 3.8 | $570.00 |
| Anna C. Horevay (LawClerk) | ACH | 2013: $115 x 1.9 hours | 1.9 | $218.50 |
| Hina Hussain (Law Clerk) | HZH | 2010: $115 x 8.5 hours | 8.5 | $977.50 |
| Mathew Kreiser (1st yr Associate) | MEK | 2015: $225 x 153.9 hours | 159.9 | $35,977.50 |
| Morgan Lavan (Law Clerk) | MRL | 2013: $115 x 33.9 hours | 33.9 | $3,898.50 |
| Vijay Mani | VXM | 2015: $225 x 1.1 hours | 1.1 | $247.50 |
| Brian Markovitz (Partner) | BJM | 2010-June 2014: $300 x 149.8 hours<br><br>July-Dec 2014: $350 x 46.2 hours<br><br>2015: $380 x 272.2 hours | 488.6 | $171,146.00 |
| Veronica Nannis (Partner) | VBN | 2012-2013: $300 x 0.5 hours | 0.5 | $150.00 |
| Jessica Richardson (Paralegal) | JAR | 2015: $150 x 47.3 hours | 52.8 | $7,920.00 |
| Meredith Schramm-Strosser (Law Clerk/Associate) | MSS | 2012: $115 (law clerk) x 5.7 hours<br><br>2013-June 2014: $190 x 175.8 hours<br><br>July-Dec 2014: $225 x 38.2 hours | 219.7 | $42,652.50 |

| | |
|---|---|
| **TOTAL** | **$313,792.00** |

**f.   Time limitations imposed by the client or the circumstances**

The litigation of this case consumed a significant amount of time and resources in the last five (5) years.  Plaintiff's counsel employed a significant amount of time and resources litigating against different counsel for Defendants, drafting and opposing numerous motions, and trying to resolve the case.  The Court concludes that this factor weighs in favor of a partial award of attorney's fees and costs.

**g.   The amount involved and the results obtained**

The Court finds that this factor is not helpful in its analysis.  The case settled before it went to trial and before there was a damage determination.  Under the settlement agreement, the settlement amount was to be kept confidential.

**h.   The experience, reputation, and ability of the attorneys**

The Court finds that Plaintiff's counsel has extensive experience with employment cases in general and discrimination and retaliation cases in particular.  The Court also finds that Plaintiff's counsel has substantial experience negotiating settlements.  Defendants have not challenged Plaintiff's counsel's experience, reputation and ability.  The Court concludes that this factor supports a partial award of attorney's fees and costs.

**i.   The "undesirability" of the case**

The Court finds that Plaintiff's counsel did not suffer any adverse reaction from the community for litigating this case.  The Court concludes that this factor plays a neutral role in the Court's reasonableness analysis.

### j.   The nature and length of the professional relationship with the client

The Court finds that Plaintiff's counsel and Plaintiff have had a professional relationship since approximately 2010, when the Complaint was filed in this case.  Plaintiff's counsel states Plaintiff now lives in Florida, and Plaintiff's counsel does not anticipate performing more work on behalf of Plaintiff.  Pl.'s Mot. 43.  The Court concludes that this factor plays a neutral role in its reasonableness analysis.

### k.   Awards in similar cases

The Court finds that Plaintiff's counsel has not presented any evidence as to the fee awards in similar cases.  Therefore, the Court finds that this factor plays a neutral role in its reasonableness analysis.

## VIII.   Plaintiff's Entitlement to Costs

The Court finds that the costs incurred are reasonable.  Under Rule 54(d) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  It is established that the party that is "entitled to recover attorney's fees [is] also entitled to recover reasonable litigation-related expenses as part of their overall award." *Kabore v. Anchor Staffing, Inc.*, No. L-10-3204, 2012 WL 5077636, at *10 (D. Md. Oct. 17, 2012).  Defendants did not object to the costs requested by Plaintiff's counsel.  The Court finds that as the prevailing party, Plaintiff is entitled to recover reasonable costs incurred through December 2015 for a total of $7,759.75.  The Court finds that in support of its request for costs, Plaintiff has submitted a detailed billing statement listing the costs by date, the description of the expenses, and the amount paid.

**IX.     Conclusion**

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the

Motion.  Plaintiff's counsel is awarded $313,792.00 in reasonable attorney's fees and $7,759.75

in costs.


March 8, 2016                                                  /s/
                                                        Charles B. Day
                                                        United States Magistrate Judge


CBD/yv